| Minute Order Form (06/97) | | | | |
|---|---|---|---|---|
| **United States District Court, Northern District of Illinois** | | | | |
| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | | |
| **CASE NUMBER** | 03 C 1957 | **DATE** | 8/18/2004 | |
| **CASE TITLE** | United States of America vs. Johnelle Elem | | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Defendant Elem's motion for an evidentiary hearing is denied. Defendant Johnelle Elem's amended motion pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence is denied and this case is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | AUG 19 2004 date docketed |
| ✓ | Docketing to mail notices. | docketing deputy initials |
| ✓ | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | |
| CW courtroom deputy's initials | 2004 AUG 18 PM 5:40 U.S. DISTRICT COURT CLERK Date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHNELLE ELEM, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 03 C 1957 (97 CR 765-2)<br>Paul E. Plunkett, Senior Judge<br><br>DOCKETED<br>AUG 19 2004 |

## MEMORANDUM OPINION AND ORDER

In 1998, Johnelle Elem was convicted of various offenses arising from his participation in several bank robberies. The conviction was affirmed on appeal in 2001. Elem has now filed an amended motion pursuant to 28 U.S.C. § ("section") 2255 to vacate his conviction and sentence. For the reasons set forth below, the motion is denied and this case is dismissed.

### Discussion

Elem is entitled to relief under section 2255 if his "sentence was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose [it], . . . the sentence was in excess of the maximum authorized by law, or [it] is otherwise subject to collateral attack." 28 U.S.C. § 2255. Section 2255 is not a substitute for an appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled in part on other grounds, Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994). Thus, Elem cannot raise on this motion any

-1-

issues that were raised on direct appeal unless there is a showing of changed circumstances nor can he raise any nonconstitutional issues that he did not raise on appeal. *Id.* Morever, with one exception, Elem may not raise any constitutional issues he did not raise on appeal unless he can show: ( 1) cause for failing to appeal them and "actual prejudice" from his failure to do so; or (2) "that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice." *Id.*; *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). The exception is an ineffective assistance of counsel claim. An ineffective assistance of counsel claim can be raised for the first time in a section 2255 motion, whether or not the claim could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Distilling the arguments made in his *pro se* motion,[1] his Addendum to Motion 28 U.S.C. § 2255 ("Addendum") and his reply, Elem asserts that he was denied ineffective assistance of counsel in the following ways: (1) counsel failed to investigate and present certain exculpatory evidence at trial; (2) counsel failed to object to certain tape-recorded conversations admitted as evidence by the prosecution; (3) counsel improvidently entered into a stipulation regarding the Federal Deposit Insurance Corporation ("FDIC") -insured status of the banks that were robbed; and (4) counsel failed to argue that the sentences Elem received under 18 U.S.C. § 924(c) were unlawful.

Elem also argues that numerous other errors committed at various stages of the criminal proceedings demonstrate that he was denied competent counsel and warrants relief under section 2255. None of his arguments has any merit.

Elem received ineffective assistance of counsel only if his counsel's performance fell below an objective standard of reasonableness and, but for his counsel's errors, the result of the proceeding

---

[1] Elem was appointed counsel, but no amended section 2255 motion was ever filed.

would likely have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Elem must "adequately specify" the conduct that he contends was constitutionally lacking if he is to prevail. *Jones v. United States*, 167 F.3d 1142, 1146 (7th Cir. 1999). "[N]aked assertions [of] . . . ineffective assistance," will not sustain a claim. *Id.* at 1145.

With respect to the first claim, Elem asserts that he advised his trial counsel that three individuals, Moynette Hayes, Julia Laws and Quintin Miller, had favorable testimony to be used in his defense, but that trial counsel failed to even contact these individuals to interview them. Specifically, Elem asserts that Hayes would have testified that Elem and Clarence Anderson,[2] one of Elem's confederates in the bank robberies, were not friends and that Hayes heard more than once that Anderson was going to kill Elem. According to Elem, Laws would have testified that Elem and Anderson never counted money at her house and that Anderson did not come to her house. Elem says Miller would have testified that Elem was with him at work all day on two of the days that the robberies were committed.

Elem has not, however, offered any support for these assertions. He has not, for example, submitted an affidavit from his trial counsel verifying that Elem gave him the information about the witnesses and that, in fact, he failed to interview any of them. Nor has Elem submitted affidavits from any of Hayes, Laws or Miller describing the material evidence that interviews with them would have garnered. Absent such evidence, Elem is entitled to no relief on this claim. *See Barry v. United States*, 528 F.2d 1094, 1101 (7th Cir. 1976) (stating that no hearing on section 2255 motion required

---

[2] Anderson, Odell Jennings and Elem were indicted in connection with participating in a series of armed bank robberies. Anderson pleaded guilty to one count of armed bank robbery and testified before the grand jury that returned a superseding indictment against Jennings and Elem. Anderson also testified for the government at Jennings's and Elem's trial. *United States v. Elem*, 269 F.3d 877 (7th Cir. 2001).

because petition was not "accompanied by a detailed and specific affidavit which shows that the petitioner has actual proof of the allegations"). *See also Aleman v. United States*, 878 F.2d 1009, 1012 (7th Cir. 1989) (no hearing required in every case where petitioner makes factual allegations; allegations must be supported).

Elem next argues that his counsel should have objected to the admission of certain tape recordings. At trial, the government introduced tapes of telephone conversations Jennings had when he was held at the Metropolitan Correction Center. Elem says the conversations between Jennings and Jennings's brother were redacted to remove references to him but in such a way that it was clear to the jury that "tapes[] referenced [him]." (Mot. ¶ 13.) These conversations, he says, were material to his conviction. He claims that because Jennings did not testify at trial, he was denied his Sixth Amendment right to confrontation as expressed in *Gray v. Maryland*, 523 U.S. 185 (1998).[3]

This is the only information Elem gives us with respect to this claim, and it is not enough to sustain it. Although we liberally construe a prisoner's *pro se* section 2255 petition, it remains a petitioner's burden to show that he is entitled to habeas relief. *United States v. Gholson*, No. 02-C6988, 2003 WL 21466954, *4 (N.D. Ill. June 25, 2003). It is not our job to search the record and find support for Elem's claim.

As far as we can tell from what Elem has provided to us, the conversation he complains of concerned whether the Chicago police or federal agents had searched the ceiling in the house where Jennings's family resided and did not involve or refer to anyone but Jennings and his brother. Our

---

[3] In *Gray*, the Supreme Court held that the prosecution cannot, during a joint trial, introduce a confession of a nontestifying codefendant which names the defendant as a perpetrator where the confession is redacted and the name of the defendant is replaced by a blank space, the word "deleted" or some symbol. 523 U.S. at 195. The Court did find, however, that redacted confessions that did not refer directly to the defendant himself and which required the jury to draw some inferences to connect the confession with the defendant were still admissible. *Id.* at 195-96.

court of appeals has held that a confession of a nontestifying codefendant may be introduced if it is properly redacted and an appropriate limiting instruction is given to the jury by the court. *See United States v. Sutton*, 337 F.3d 792, 798 (7th Cir. 2003). Elem has not provided us any hint as to how the conversation implied his involvement in the bank robberies or in what way references to him had been redacted. At the trial, we instructed the jury:

> Certain tape recordings of calls from the Metropolitan Correction Center were admitted into evidence. You may consider this evidence only with respect to Odell Jennings. You must not consider this evidence with respect to Johnelle Elem.

Record at 802. Elem has not provided any detailed support for his claim that the use of the tapes violated his constitutional rights and so his claim fails. *See Jones*, 167 F.3d at 1145-46.

The third claim raised by Elem is that his trial attorney rendered ineffective assistance because he stipulated that the banks that were robbed were insured by the FDIC, thus establishing subject matter jurisdiction. Elem says that the evidence available to his trial counsel at the time of trial would not have established that the banks were, in fact, federally insured.

First, Elem is mistaken that the federally-insured status of the banks affects our ability to exercise subject matter jurisdiction over this case. What is frequently called a "jurisdictional element" in criminal cases is " 'jurisdictional' only in the shorthand sense that without [the nexus with interstate commerce], there can be no federal crime . . . . It is not jurisdictional in the sense that it affects a court's subject matter jurisdiction." *Hugi v. United States*, 164 F.3d 378, 381 (7th Cir. 1999) (section 2255 petitioner claimed counsel was ineffective for failing to challenge "jurisdictional" element of use of interstate wires). Even if the government failed to establish the interstate commerce connection, a district court would not be deprived of subject matter jurisdiction. *See United States v. Martin*, 147 F.3d 529, 531 (7th Cir. 1997) (failure to demonstrate nexus with

interstate commerce is "not jurisdictional in the sense that it affects . . . a court's constitutional or statutory power to adjudicate a case . . . ."); *United States v. Locklear*, 97 F.3d 196, 199 (7th Cir. 1996) (challenge to federally insured status of bank goes to sufficiency of evidence). "Proof that the bank[s] [were] FDIC-insured is simply one of a number of elements that must be either proved by the government at trial or agreed to by the parties in a stipulation." *Paschal v. United States*, No. 02-C8745, 2003 WL 22462555, at *3 (N.D. Ill. Oct. 30, 2003). Failure to prove an element of a crime does not impact a court's exercise of jurisdiction over a case. *Id.*

Here, the parties stipulated to the banks' FDIC-insured status.[4] This was not, as Elem asserts, an attempt by the parties to stipulate to subject matter jurisdiction or confer upon this Court subject matter jurisdiction that did not otherwise exist. FDIC-insured status is one matter to which the parties can stipulate. *See United States v. Knop*, 701 F.2d 670, 674 (7th Cir. 1983) ("we fail to understand why the Government should rely on indirect evidence of FDIC-insured status, when that status can easily be established directly by . . . a stipulation . . . .").

We now address whether Elem's trial counsel was constitutionally ineffective for stipulating that the banks were insured by the FDIC. Elem argues that his counsel did not know whether the banks were insured at the time of the robberies and did not conduct a reasonable investigation into the prosecution's evidence on this matter. Elem has not, however, provided any evidence that bears on what his counsel knew or did not know about the banks' FDIC-insured status or the evidence available to prove the banks were federally insured. The affidavit Elem attaches to the Addendum does not address this issue.

---

[4] The stipulation was read to the jury on May 11, 1998. (Record at 291.)

We do not believe that Elem's trial counsel's conduct with respect to this matter was unreasonable. The first prong of the *Strickland* test concerns whether counsel's conduct fell below an objective level of reasonableness. We view counsel's performance with a high degree of deference and without the benefit of hindsight. *See Strickland*, 466 U.S. at 698. It seems that Elem bases his assumption about his counsel's knowledge on the fact that, on May 12, 1998, the government received a letter from Valerie Best, Assistant Executive Secretary of the FDIC. Best's letter was apparently in response to a May 5, 1998 letter written by the government, requesting proof of the insured status of the banks on the specific dates of the robberies. In her May 12 correspondence, Best encloses copies of Certificates of Proof of Insured Status "certifying that these institutions were insured depository institutions on the dates in question." Receipt by the government of this letter after the date the stipulation was entered into does not, without more, lead us to conclude that Elem's counsel did not make a reasonable decision about the necessity of investigating the banks' FDIC-insured status. *See Paschal*, 2003 WL 22462555, at *4 (defense attorneys owe clients "a duty to make a reasonable investigation or to make a reasonable decision that makes particular investigations unnecessary") (quoting *Strickland*, 466 U.S. at 691).

Even if Elem's counsel was not reasonable in his decision, Elem has not shown that he was prejudiced in any way by the decision. *See Strickland*, 466 U.S. at 694 (petitioner must demonstrate prejudice such that confidence in outcome of trial is undermined). Elem does not assert that the banks were not, in fact, insured by the FDIC. In addition, the information provided by Best demonstrates that they were insured at the time of the robberies. With this information, we have no doubt that, if Elem's counsel declined to stipulate to the banks' insured status, the government would have been able to demonstrate at trial that the banks were insured at the time they were robbed. For

these reasons, Elem was not prejudiced by the stipulation that the banks were federally insured. Absent a showing of prejudice, Elem's ineffective assistance of counsel claim fails.

Next, Elem claims that he should not have been sentenced to three consecutive terms under 18 U.S.C. § 924(c)[5] and that his counsel was constitutionally ineffective for failing to seek to overturn his sentence on these grounds. The jury found Elem guilty of bank robbery under 18 U.S.C. § 2113(a) in connection with three separate bank robberies. For the robberies, he received a 262-month sentence. Elem was also found guilty of the use of a firearm in connection with each robbery under 18 U.S.C. § 924(c) and received consecutive sentences of five years for the first robbery and twenty years for each of the second and third robberies. Elem says that he was subject to double jeopardy in violation of the Fifth Amendment to the Constitution by the cumulative sentences. He argues that the robberies were one course of conduct and only one sentence should have been imposed.

Section 924(c) mandated a five-year sentence in connection with the first robbery conviction and a twenty-year sentence in the case of a "second or subsequent conviction," with the sentences to run consecutively. Each robbery of which he was convicted was to be considered separately. U.S. SENTENCING GUIDELINES MANUAL, §§ 2B3.1, 3D1.2(d) (1997) (multiple counts of bank robbery not grouped together). The Supreme Court has held that even though the section 924(c) charges are charged in the same indictment and determined at the same trial as the bank robbery charges, it is proper that a defendant receive the enhanced twenty-year sentence under section 924(c) on the second and third counts, with the sentences to run consecutively. *See Deal v. United States*, 508 U.S.

---

[5] Section 924(c) of title 18 provides for an additional sentence to be imposed where a person possesses, brandishes or discharges a firearm during the commission of a violent crime for which he is punished. 18 U.S.C. § 924(c) (West 2000).

129 (1993). The sentence Elem received in connection with his convictions is consistent with *Deal*, and so his counsel was not constitutionally ineffective for failing to challenge it.

Finally, Elem refers in very general terms to a number of other ways in which both his trial and appellate counsel erred and says that the cumulative effect of these errors resulted in ineffective representation in general. Elem says that "counsel unprofessionally failed to timely move for suppression of evidence material to the conviction and/or sentence of Mr. Elem" (Ground No. 2); "counsel unprofessionally failed to timely request appropriate jury instructions and to timely object to insufficient instructions . . . [and] also failed to object to improper argument by the prosecution and/or ask for curative instructions . . ." (Ground No. 5); "counsel unprofessionally failed to investigate or present available evidence material to the sentencing of Mr. Elem . . . [and] unprofessionally failed to object to false and unreliable evidence used to determine Mr. Elem's guideline sentencing range and ultimate sentence" (Ground No. 6); "counsel failed to move for downward departure at sentencing" (Ground No. 7); and "counsel failed to present strongest issues available for appeal" (Ground No. 9.)

"The cumulative effect of two or more individually harmless errors has the potential to prejudice a defendant to the same extent as a single reversible error." *Alvarez v. Boyd*, 225 F.3d 820, 824 (7th Cir. 2000) (internal quotations and citations omitted). Elem can establish ineffective assistance of counsel if he can show that "the cumulative effect of counsel's individual acts or omissions was substantial enough to meet *Strickland*'s test." *Williams v. Washington*, 59 F.3d 673, 682 (7th Cir. 1995).

Even though we can consider the cumulative effect of counsel's errors, we examine each incidence individually. *See Crisp v. Duckworth*, 743 F.2d 580, 582 (7th Cir. 1984). Elem has not,

however, provided enough detail with respect to his claims to enable us to evaluate counsel's performance; he does not explain, in each case, how his counsel's performance was flawed or how he was prejudiced by it. *Id.* Absent such a description or explanation, Elem fails to meet his burden with respect to his cumulative effect claim. *See Jarrett v. United States*, 822 F.2d 1438, 1445 (7th Cir. 1987) (criminal defendant has right to reasonably effective counsel, not perfect counsel); *United States ex rel. Partee v. Lane*, 926 F.2d 694, 701 (7th Cir. 1991) (when claiming ineffective assistance of counsel, petitioner must make specific showing as to how counsel was ineffective). Moreover, in viewing the trial proceedings and in light of the evidence presented, we cannot conclude that the performance of Elem's counsel, considered generally, undermines the "proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result." *Crisp*, 743 F.2d 580 (quoting *Strickland*, 466 U.S. at 686). Elem has not sustained his burden on this claim.

## Conclusion

For all of the reasons stated above, Elem's section 2255 motion is denied and this case is dismissed. His motion for an evidentiary hearing is denied.

**ENTER:**

UNITED STATES DISTRICT JUDGE
PAUL E. PLUNKETT

DATED: **AUG 1 8 2004**